UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS WOTRING,<br><br>                Plaintiff,<br><br>v.<br><br>MARGARET STUSKI, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:14-CV-01843<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Douglas Wotring filed the instant complaint in the Court of Common Pleas for Cumberland County on September 15, 2014, seeking damages under 42 U.S.C. § 1983 and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. §5701 *et seq.*, against Defendants Margaret Stuski and West Shore Regional Police Department Officers Daniel Hair and Michael Hope. (Doc. 1, at 9). Defendants Hair and Hope subsequently removed the case to federal court. (Doc. 1). On October 9, 2014, Defendants Hair and Hope filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4). On October 15, 2014, Defendant Stuski, appearing pro se, filed an answer and also asserted new claims against "cross-Defendants" Wotring and Wotring's counsel, Vincent Monfredo, alleging abuse of process under state law.[1] (Doc. 5). For the reasons provided herein, it is recommended that Defendants' motion to dismiss be granted. (Doc. 4).

---

[1] This Court notes that Defendant Stuski was directed to refile her answer and to properly represent her claims against Wotring and Monfredo in accordance with the Federal Rules of Civil Procedure. *See* Docket Annotation dated October 16, 2014. To date, Stuski has failed to do so.

**I.   BACKGROUND**

This complaint arises out of a previous civil matter between Plaintiff Douglas Wotring and Defendant Margaret Stuski involving the ownership rights of two dogs. (Doc. 1, at 10-11). During the course of that dispute, Stuski brought criminal harassment charges against Wotring. (Doc. 1, at 10). As evidence of her harassment claim, on or about October 7, 2012, Stuski provided the West Shore Regional Police Department with email communications from Wotring's personal account. (Doc. 1, at 10-11). Stuski was not authorized to access the account, and most of the emails were addressed to third parties. (Doc. 1, at 11). Defendant Hope, the Chief of the Police Department, accepted the emails and provided them to Defendant Hair to review. (Doc. 1, at 10-14). The Police Department's harassment investigation ultimately resulted in stalking charges being brought against Wotring, which were dismissed and expunged upon Wotring's completion of an Accelerated Rehabilitative Disposition (ARD) program. (Doc. 9, at 17). The Police Department did not file any charges against Stuski for her unauthorized procurement of the email communications. (Doc. 1, at 14).

In his complaint, Wotring alleges that Defendants Stuski, Hair, and Hope each violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act by their unlawful interception, disclosure, or use of Wotring's electronic communications and are therefore liable for damages under 18 Pa.C.S.A. §5725. Wotring also asserts § 1983 claims against Defendants Hair and Hope for violating his constitutional right under the Fourth and Fourteenth Amendments to be free from an unreasonable search or seizure of his property.

In their motion to dismiss and accompanying brief, Defendants Hair and Hope raised challenges to Wotring's state law and § 1983 claims. (Doc. 4; Doc. 9). With respect to the §

1983 claims, Defendants argue that: (1) the claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994)[2]; (2) claims against the West Shore Regional Police Department are barred because Wotring failed to allege municipal liability as is required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (3) the complaint fails to allege a supervisory liability claim against Defendant Hope; and (4) Defendants Hope and Hair are entitled to qualified immunity. (Doc. 9). Because this Court finds that Wotring failed to state a cognizable claim pursuant to the Fourth and Fourteenth Amendments under § 1983, we need not address Defendants' alternative arguments.[3] Having been fully briefed, this matter is ripe for disposition.

**II.    STANDARD OF REVIEW**

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit, discussing the evolving standards governing pleading practice in federal court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of

---

[2] *Heck v. Humphrey* dictates that a § 1983 claim must be dismissed where "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction of sentence . . . ." 512 U.S. 477 (1994). *Heck* itself observed, however, that a § 1983 action for an unreasonable search or seizure "even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." 512 U.S. at 487 n. 7.

[3] The Court is not constrained to solely address the arguments advanced by the parties in their briefs. *See Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 99 (1991). Moreover, because the establishment of an underlying constitutional violation is an element of Wotring's § 1983 claims, it is appropriate at this stage for the Court to determine whether Wotring has made out a prima facie claim. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**III.   DISCUSSION**

    A.   SECTION 1983 CLAIMS

Wotring's complaint brings an action pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To prevail on a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "Although a private person may cause a deprivation of [a right protected by the Constitution], he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). This requirement "avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

Wotring alleges that Defendants Hope and Hair committed violations of the Fourth Amendment of the United States Constitution, which provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

5

U.S. CONST. amend. IV. The rights secured within the Fourth Amendment are enforceable against the States through the Fourteenth Amendment's Due Process Clause. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Fourth and Fourteenth Amendment protections do not apply "to a search or a seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States,* 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).

The Third Circuit has held that "the Government may retain for use against their owner in a criminal proceeding incriminating documents which were stolen by private individuals, without governmental knowledge or complicity, and turned over to the Government." *Meister v. C. I. R.,* 504 F.2d 505, 508 (3d Cir. 1974) (citing *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921)). "And if a private party presents law-enforcement authorities with evidence obtained in the course of an unlawful search it is 'not incumbent on the police to stop her or avert their eyes.'" *United States v. Crist*, 627 F. Supp. 2d 575, 582 (M.D. Pa. 2008) (quoting *Coolidge v. New Hampshire,* 403 U.S. 443, 489 (1971)). "Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information." *Jacobsen*, 466 U.S. at 117. However, an individual may retain some legitimate expectation of privacy after a private individual conducts a search, and a subsequent government intrusion may invoke Fourth Amendment protections to the extent it exceeds the scope of the initial private search. *Compare Jacobsen*, 466 U.S. at 126 ("In sum, the federal agents did not infringe any constitutionally protected privacy interest that had not already been frustrated as the result of private conduct."), *with Crist*, 627 F. Supp. 2d at 587 ("[T]he evidence found on [the suspect's] computer must be suppressed because the further

search of [his] computer exceeded the scope of the private search in violation of the Fourth Amendment.").

In his complaint, Wotring claims that Defendants Hope and Hair violated his Constitutional right to be free of unlawful searches and seizures by accepting and reviewing copies of Wotring's email communications that were furnished by Defendant Stuski. (Doc. 1, at 14-15). Wotring does not allege that Stuski herself acted under the color of state law, or that any government official participated in or knew of her acquisition of the emails. (Doc. 1, at 14-15). Nor does Wotring claim that the officers infringed on his expectation of privacy by exceeding the scope of the private search that had already been conducted by Stuski. (Doc. 1, at 14-15). Instead, Wotring contends that Hope and Hair conducted an unconstitutional search and seizure purely by virtue of their retention and use of the emails provided to them by a private citizen. (Doc. 1, at 14-15).

Given that the actions alleged by Wotring fall squarely within the protection afforded to governmental use of information obtained by private parties, the officers' review of the emails provided by Stuski did not implicate the Fourth Amendment. *Jacobsen*, 466 U.S. at 117. Moreover, because Wotring does not allege that the officers did anything beyond accept and use the emails, there is no issue as to whether the officers exceeded the scope of the initial private search conducted by Stuski. *See Jacobsen*, 466 U.S. at 120. As the allegations contained in the complaint do not constitute a "search" or "seizure" within the meaning of the Fourth and Fourteenth Amendments, Wotring cannot sustain a claim for damages under § 1983.[4]

---

[4] To the extent that Wotring alleges municipal liability for the actions of Defendants Hair and Hope in their official capacities, those claims of *Monell* liability also fail without an underlying constitutional violation. *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp.

B. STATE LAW CLAIMS

Both Plaintiff Wotring (under the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. §5701 *et seq.*) and Defendant Stuski (under The Dragonetti Act, 42 Pa.C.S.A. § 8351, and common law abuse of process), have also asserted state law claims, but this Court lacks independent subject matter jurisdiction over those claims and thus does not address them. (Doc. 1, at 11-14; Doc. 5). Where a district court has dismissed all claims over which it had subject matter jurisdiction, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The language of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). Because it is recommended that Plaintiff's federal law claims be dismissed, it is further recommended that Plaintiff's remaining state law claims be remanded to the state court.

IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The motion to dismiss (Doc. 4) be **GRANTED IN PART**;

2. The complaint (Doc. 1, at 9) be **DISMISSED WITH PREJUDICE** with respect to all federal law claims pursuant to Fed. R. Civ. P. 12(b)(6);

3. All remaining claims be **REMANDED** to the Court of Common Pleas for Cumberland County pursuant to 28 U.S.C. § 1447(c); and

---

3d 412, 420 (M.D. Pa. 2014) (citing *Marable v. West Pottsgrove Twp.,* 176 Fed.Appx. 275, 283 (3d Cir.2006)).

4. The Clerk be directed to **CLOSE** this case.

                                                **BY THE COURT:**

**Dated: July 1, 2015**                            *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS WOTRING, | |
| Plaintiff, | CIVIL ACTION NO. 1:14-CV-01843 |
| v. | (KANE, J.) |
| | (MEHALCHICK, M.J.) |
| MARGARET STUSKI, et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 1, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 1, 2015                                          *s/ Karoline Mehalchick*
                                                             **KAROLINE MEHALCHICK**
                                                             **United States Magistrate Judge**